**Paula A. Barran,** OSB No. 80397
pbarran@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Plaintiff Concordia University

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| CONCORDIA UNIVERSITY, | CV. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ZOLTAH LLC operating through the assumed business name PLAYERS TURF USA and PLAYERS TURF; and BENJAMIN ZOLFAGHARI, | (Lanham Act; Tortious Appropriation of Name or Image; and Declaration) |
| Defendant. | |

**JURISDICTION AND VENUE**

1.      This is an action for declaratory, injunctive and monetary relief, including treble damages and attorney fees and costs.

2.      This court has jurisdiction over Plaintiff's Lanham Act claim pursuant to 15 USC § 1125. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367 because those claims arose in this district and are so related to claims in the action

Page 1 - COMPLAINT

within the court's original jurisdiction that they form part of the same case or controversy.

3. Venue is proper in this district because all or substantially all the acts complained of occurred within the District of Oregon.

## PARTIES

4. Concordia University, hereinafter "Concordia," is a private, Christian, liberal arts university with a campus in Portland, Oregon. As part of its educational mission, Concordia has established and provides a supportive learning environment in which intellectual inquiry is carried out in an environment stressing the values of the university in every aspect of learning and life.

5. Zoltah LLC is an Oregon corporation with its principal place of business in Beaverton, Oregon, operating under assumed business names Players Turf USA and Players Turf (collectively "Players Turf" or "Defendants"), and operating a business which *inter alia* installs artificial turf.

6. On information and belief, Benjamin Zolfaghari is the chief executive officer of Players Turf USA and is responsible for marketing and business decisions including the use and placement of content on the Players Turf commercial website.

## FACTUAL BACKGROUND

7. Concordia's name and reputation are of great importance in furthering its educational mission maintaining community relationships, and attracting charitable gifts for student scholarships, learning spaces, athletic programs or other needs.

8. Concordia exercises care in determining whether and how to allow its name to be used to endorse or promote people, entities or causes or products or services. Among other considerations is: Concordia has a practice of publicizing those community leaders and citizens whose generosity has made events or facilities possible by associating the Concordia name and reputation with those persons.

Page 2 - COMPLAINT

9. Commencing in 2010 and continuing into 2012, Concordia constructed a community stadium and athletic facility including a playing field. Players Turf was a subcontractor to the general contractor in the construction of the playing field related to the installation of the playing surface. In or about November, 2012 Concordia made clear to Players Turf that Concordia did not authorize use of its name or images in any commercial solicitations or advertising of Players Turf. In doing so, Concordia expressly disavowed any complimentary comments previously made by any employee during the process of constructing the field. Concordia advised Players Turf that Concordia did not endorse it, and stated that Players Turf was not authorized to say or imply that Concordia endorsed it.

10. In or about November 2012 knowing that Concordia had expressly stated it did not endorse Players Turf, Players Turf added content to its publicly available commercial website, www.playersturfusa.com, prominently displaying the name of Concordia University, showing unauthorized photographs of Concordia's athletic facility, playing field and players and including self-complimentary text. Defendants' website states:

> "Concordia Univertiy (sic) – Portland, Oregon
> A GREAT FIELD AT CONCORDIA UNIVERSITY
> GREAT AND AMAZING QUALITY TURF
> GREAT PRECISION INSTALLATION WITH TOTAL CARE
> GREAT AFFORDABLE PRICE"

11. The above quoted text was placed above three photographs showing Concordia's athletic field with players wearing Concordia's athletic uniforms.

12. Defendants publicized the above quoted text with photographs. On December 11, 2012, Defendants amended its website to identify Concordia's field as "2011 field in Portland" and stating:

> "GREAT AND AMAZING QUALITY TURF
> GREAT PRECISION INSTALLATION WITH TOTAL CARE
> GREAT AFFORDABLE PRICE
> DEDICATED TO THE STUDENTS"

Page 3 - COMPLAINT

13. The text "DEDICATED TO THE STUDENTS" is a hyperlink to a letter referencing Concordia and making clear that the "2011 field" is Concordia as does an accompanying photograph. The website continues to show identifying photographs.

14. Defendants' use of the Concordia name and photographs is unauthorized.

15. The use of Concordia's name, photographs of its property and the accompanying self-complimentary text are intended to advertise Defendants' business and sell its products and services.

16. The identification of Concordia, photographs of its property and self-complimentary text place Concordia in a false light by implying, falsely, that it has consented to endorse Players Turf and that it does endorse Players Turf.

17. Concordia has repeatedly demanded that Players Turf remove references to Concordia and photographs of its facilities from its website. Players Turf has refused to remove its references to Concordia and accompanying text and photographs from its website.

18. On information and belief, following Concordia's initial demands, defendants reconfigured the website following Concordia's demands so as to ensure the references to Concordia appeared more prominently on the home page of the website.

19. Defendants have purported to copyright the representations of Concordia's name, the accompanying text, and the photographs of its field.

20. Defendants have also used the text of a disavowed letter to seek support for a nonprofit organization, "Home for Youth," which is controlled, on information and belief, by defendant Zolfaghari.

## FIRST CLAIM FOR RELIEF

### (Lanham Act – All Defendants)

21. Plaintiff realleges paragraphs 1-20 above as if set out in full.

Page 4 - COMPLAINT

22. Defendants, individually and jointly, have effected a false endorsement of their goods and services by the content placed on their website implying, falsely, that Plaintiff endorses Defendants' business.

23. Defendants' conduct as alleged above is a false and misleading representation pursuant to § 43 of the Lanham Act, 15 USC § 1125.

24. Plaintiff has a reasonable interest in being protected against having its name and reputation used in commercial speech by an entity it does not endorse.

25. By virtue of Defendants' actions as described herein, Defendants have caused Plaintiff to suffer losses and damages to the full extent of recoverable damages and relief permitted under the Lanham Act, including a reasonable royalty or license fee, profits, treble damages, attorney fees and costs.

## SECOND CLAIM FOR RELIEF

### (Tortious Appropriation of Name or Image – All Defendants)

26. Plaintiff realleges paragraphs 1-20 above as if set out in full.

27. Defendants made unauthorized use of Concordia's name and images or likeness of its facilities in order to sell its goods or services and continued such use despite demands to cease.

28. Defendants' use made and makes it appear, falsely, that Concordia has consented to endorse the product or services. Such appropriation places Concordia in a false light.

29. As a result of Defendants' unauthorized use, Concordia has been damaged through the diminution of its endorsement value and Defendants have been unjustly enriched by the commercial value of the implied endorsement.

//
//
//

Page 5 - COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Declaration)

30. Plaintiff realleges paragraphs 1-20 above as if set out in full.

31. Plaintiff is entitled to a declaration that Defendants' use of Concordia's name, images, and the implication of an endorsement, and Defendants' purported copyrighting of them, are all wrongful.

WHEREFORE Plaintiff prays for judgment against the defendants for:

(1) A declaration that Defendants' use of Concordia's name, images, and the implication of an endorsement, and Defendants' purported copyrighting of them, are all wrongful;

(2) An order requiring Defendants to remove Concordia's name, images, and the implication of an endorsement from its website and any solicitations of any kind;

(3) An accounting of any profits;

(4) Disgorgement of any enhanced profits;

(5) Damages for injury to goodwill and reputation, and to future publicity value in an amount not less than $25,000;

(6) Treble damages; and

(7) Attorney fees and costs of suit.

DATED this 13th day of December, 2012.

BARRAN LIEBMAN LLP

By _____
Paula A. Barran, OSB No. 80397
pbarran@barran.com
Attorneys for Plaintiff Concordia University

Page 6 - COMPLAINT

00298014.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212